UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACOB VALINE,

      Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
LABOR; LORI CHAVEZ-DEREMER, IN
HER OFFICIAL CAPACITY AS
SECRETARY OF LABOR,

      Defendants.

25-CV-8260 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Windsor Laramie, Colorado, brings this *pro se* action challenging the United States Department of Labor's shutdown of a Job Corps program Plaintiff was planning to attend. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Columbia.

## DISCUSSION

  Plaintiff brings claims against the United States Department of Labor and Department of Labor Secretary Lori Chavez-DeRemer. He alleges that he was accepted into a Job Corp program that is funded and operated by the Department of Labor, but that the Department of Labor "shut down the Job Corps program and denied [him] access to its services." (ECF 1, at 6.) Plaintiff resides in Colorado, and he does not allege any facts about the location of the Job Corps program that he was planning on attending.

  Because Plaintiff sues federal defendants, the venue statute governing this action is 28 U.S.C. § 1391(e). Under Section 1391(e), venue is proper in

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a

>substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names as defendants the United States Department of Labor and its Secretary, Lori Chavez DeRemer. From the face of the complaint, therefore, it is clear that this district is not a proper venue for this action under Section 1391(e)(1)(A) because Defendants do not reside in a county within the Southern District of New York.

Venue also is not proper in this district under Section 1391(e)(1)(B) because Plaintiff alleges no facts suggesting that the events giving rise to his claims occurred in this district.

Finally, because the complaint does not involve real property, and because Plaintiff resides in Colorado, this district is not a proper venue for this action under Section 1391(e)(1)(C).

Under 28 U.S.C. § 1406, if a petitioner files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff challenges federal actions taken in Washington, D.C., Plaintiff could have filed this case in the District of Columbia; he also could have filed the case in the District of Colorado because he resides in Colorado. The Court concludes, however, that this action should be transferred, in the interest of justice, to the District of Columbia because the events giving rise to Plaintiff's claims arose in Washington, D.C., where the Department of Labor and Secretary Chavez-DeRemer are located. The Court

therefore transfers this action to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 14, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge